THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* PADILLA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in an action for the violation of a municipal ordinance.

No. 623.—Decided April 16, 1914.

CONSTITUTIONAL RIGHT—RIGHT TO ASSEMBLE—MUNICIPAL ORDINANCE.—Both the First Amendment to the Constitution of the United States and section 753 of the Revised Statutes of Porto Rico guarantee the right of the people peaceably to assemble, and a municipal ordinance limiting that right would be absolutely null and void.

MUNICIPAL ORDINANCE—TRAFFIC THROUGH STREETS—USE OF PUBLIC SQUARES.— The power of a municipal government to make rules for regulating traffic through its streets and the use of its public squares and walks is unquestionable.

ID.—STRICT CONSTRUCTION.—All municipal ordinances regulating a right of the people expressly recognized by law should be construed strictly.

ID.—CONSTRUCTION OF ORDINANCE OF ARECIBO.—*The municipal ordinance of Are-
cibo of October 8, 1908, refers only to meetings held by political parties in
times of elections, and its intention is to prevent possible conflicts between
citizens campaigning for different political parties, rather than to insure free
traffic through the streets of the city.*

ID.—MEETING BY ORGANIZATION NOT A POLITICAL PARTY.—*According to the scope
of the municipal ordinance of October 8, 1908, explained in the preceding
paragraph, the holding of a meeting by an organization which is not a
political party without complying with the provisions of the said ordinance,
does not constitute a violation of said ordinance.*

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Rafael López Landrón* for the appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Arecibo of May 27, 1913, finding the appellant, Esteban Padilla, guilty of the violation of a certain municipal ordinance and sentencing him to pay a fine of $5 or, in default thereof, to undergo one day's imprisonment for each dollar of the fine not paid. The pertinent part of the complaint reads as follows:

"That on the night of March 31, 1913, and in the Plaza Tyson of Arecibo of the Municipal Judicial District of Arecibo, P. R., the said Esteban Padilla, as president of the organization 'Justicia y Defensa Popular,' inaugurated and convened a public meeting of the said organization without giving written notice thereof to the mayor of the city, as required by section 1 of a municipal ordinance approved October 8, 1908, thereby violating the said ordinance."

Upon being arraigned the accused pleaded not guilty and later moved that the complaint be quashed on the ground that the ordinance which he was charged with having violated was in conflict with the First Amendment to the Constitution of the United States of America and with sections 3, 4 and 5 of the Act to Define Rights of The People, approved February 27, 1902. The motion of the defendant was overruled by a ruling of May 27, 1913.

Thereupon the accused, on the same day, again moved the court to quash the complaint on the ground that the ordi-

nance alleged to have been violated applied only to meetings held by political parties in times of elections and did not include, therefore, the act charged in the complaint. This second motion was also overruled.

The case then proceeded to trial. The accused admitted that on March 31, 1913, a meeting was held in a public square in Arecibo in the name of the organization "Justicia y Defensa Popular" without the permission of the mayor of the city having been asked. In like manner the *fiscal* admitted that the organization "Justicia y Defensa Popular" is not a political party. The case being submitted to the court for decision, it was decided by the judgment formerly referred to.

The ordinance alleged to have been violated reads as follows:

"WHEREAS, the right of assembly for all the purposes of life is one of the rights granted by law to the citizens, who are entitled to the free exercise thereof within the limitations prescribed therein.

"WHEREAS, it is the custom upon the approach of elections for filling the public offices for the opposing political parties to hold assemblies or meetings in the public streets of the towns as a means of political propaganda, and this custom has begun to be practised by the local parties.

"WHEREAS, although the citizens who organize these public meetings exercise an unquestionable right, the meetings are not always conducted in a manner befitting the acts of all enlightened people, who should show in these acts all the prudence and good sense which the Porto Ricans have given so much evidence of on all occasions.

"AND WHEREAS, it is a duty of the Administration and especially of the municipal council, pursuant to the provisions of subdivisions 12 and 14 of section 25 of the Municipal Law, to make regulations regarding public order and the welfare of the community.

"THEREFORE, be it ordered by the Municipal Council of Arecibo:

"Section 1.—Whenever it is intended to hold an assembly or public meeting the organizers shall give written notice thereof to the mayor 24 hours beforehand, stating where the meeting is to be held. If the place chosen should have been selected before by any other person or organization and the necessary notice given, the mayor shall so inform the applicant so that they may agree upon another place, which shall be as far from the place where the first meeting

is to be held as possible, or that the second meeting be postponed to another day, and that when a meeting or parade of one political party is held at a certain place, the police shall prevent the passing of a parade of the opposite party by the place where the former is being held, notifying the leader or organizer of the former accordingly.

"Section 2.—Any person violating this ordinance shall be prosecuted before the justice of the peace who shall impose upon him a fine of from $5 to $10 or the corresponding alternative imprisonment.

"Section 3.—This ordinance, when approved by the mayor, shall be published for a period of ten days and shall take effect at the expiration of that time."

The First Amendment to the Constitution of the United States of America reads as follows:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." I Messages and Papers of the Presidents, 34.

In the case of *United States v. Cruikshank et al.*, 92 U. S., 542, 552, it was held as follows:

"The first amendment to the Constitution prohibits Congress from abridging 'the right of the people to assemble and to petition the Government for a redress of grievances.' This, like the other amendments proposed and adopted at the same time, was not intended to limit the powers of the State governments in respect to their own citizens, but to operate upon the National Government alone. *Barron* v. *The City of Baltimore*, 7 Pet., 250; *Lessee of Livingston* v. *Moore, id.*, 551; *Fox* v. *Ohio*, 5 How., 434; *Smith* v. *Maryland*, 18 *id.*, 76; *Withers* v. *Buckley*, 20 *id.*, 90; *Pervear* v. *The Commonwealth*, 5 Wall., 479; *Twitchell* v. *The Commonwealth*, 7 *id.*, 321; *Edwards* v. *Elliott*, 21 *id.*, 557. It is now too late to question the correctness of this construction. As was said by the late Chief Justice, in *Twitchell* v. *The Commonwealth*, 7 Wall., 325, 'the scope and application of these amendments are no longer subjects of discussion here.' They left the authority of the States just where they found it, and added nothing to the already existing powers of the United States." 92 U. S., 552.

Following the rule established, let us see what The People of Porto Rico has legislated in regard to this matter.

On February 27, 1902, it passed an act defining the rights of the people. Section 4 of the said act, which is section 753 of the Revised Statutes of Porto Rico of 1902, provides that

"The people of Porto Rico shall have the right peaceably to assemble for the common good and to apply to those invested with the powers of government for redress of grievances by petition or remonstrance."

The local and national laws are, then, essentially alike and both guarantee the right of the people peaceably to assemble. Therefore a municipal ordinance abridging that right would be completely null and void.

But to regulate does not always mean to abridge. The power of a municipal government to adopt rules for regulating traffic through its streets and the use of its public squares and walks, is unquestionable. Everything depends upon the manner in which such power is exercised. If it is exercised in a reasonable manner, it should be respected by the citizens and upheld by the courts. If it is exercised in an arbitrary manner, it is divested of all authority.

This being the case and the purpose of the municipal ordinance of Arecibo alleged to have been violated being to regulate a right of the people expressly recognized by law, it should be construed in a restrictive manner.

Considering the ordinance in question as a whole and bearing in mind the statements made in its preamble, it is necessary to conclude that it refers only to meetings held by political parties in times of elections and that its intention is to prevent possible conflicts between citizens campaigning in different political parties, rather than to insure free traffic through the streets of the city.

In the case at bar the *fiscal* admitted at the trial that the organization "Justicia y Defensa Popular," in whose name the accused organized a public meeting, was not a political

party.  Besides, we take judicial notice of the fact that on or near the date on which the public meeting was held in this case, no elections were being held in Arecibo.  Therefore we must acknowledge that the contention of the appellant is well founded and decide, as a consequence, that the act imputed to the accused in the complaint does not constitute the offense charged, because it is not included within the provisions of the said ordinance.

Having reached that conclusion, it is unnecessary to consider the terms in which the ordinance is worded for the purpose of deciding whether it is or is not in conflict with the Act of the Legislative Assembly of Porto Rico defining the rights of the people, approved February 27, 1902.

The appeal should be sustained, the judgment appealed from reversed and the accused acquitted.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.